UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


AARON DESHAWN MOSS,

    Petitioner,

v.                                                                  Civil Case No. 07-11015
                                                                        Crim. Case No. 05-80451

UNITED STATES OF AMERICA,            HONORABLE AVERN COHN

    Respondent.

_____/

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

### I. Introduction

This is a habeas case under 28 U.S.C. § 2255. In 2004, Petitioner Aaron Deshawn Moss (Petitioner) plead guiltily to the offense of felon in possession of a firearm and was sentenced to 46 months imprisonment followed by two years of supervised release. Before the Court is Petitioner's pro se motion to vacate under § 2255. Petitioner argues that he is entitled to a re-sentencing under United States v. Booker, 543 U.S. 220 (2005) based on plain error and that the government failed to prove interstate nexus for the firearm, an essential element of 18 U.S.C. § 922(g). For the reasons that follow, the motion is DENIED.

### II. Background

On May 11, 2005, Petitioner was charged in a four count indictment as follows: counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession of a firearm while a fugitive from justice, in violation of 18 U.S.C. §

922(g)(2); (3) possession of cocaine base, in violation of 21 U.S.C. § 844; and (4) possession of a controlled substance, in violation of 21 U.S.C. § 844. On February 16, 2006, Petitioner plead guilty to being a felon in possession of a firearm under a Rule 11 agreement in which the government agreed to dismiss the other counts. As part of the Rule 11 agreement, Petitioner agreed that the charged offenses could be used as relevant conduct in calculating his guidelines. The Rule 11 agreement anticipated a sentencing guideline range of 30 to 37 months based on total offense level of 17 and a Criminal History Category III. The Probation Department, however, calculated Petitioner's guideline range of 46 to 57 months based on a total offense level of 17 and a Criminal History Category V. The Court adopted the Probation Department's calculation and sentenced Petitioner to 46 months imprisonment followed by two years of supervised release; judgment was entered on July 12, 2006. Petitioner did not file a direct appeal and the time for doing so has expired.

On March 8, 2007, Petitioner filed the instant motion.

## III. Legal Standard

To warrant relief under § 2255, Petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Relief is warranted only where the Petitioner has shown "a fundamental defect which results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

## IV. Discussion

### A. The Blakely/ Booker Issue

**1.**

Petitioner first argues that the Court improperly enhanced his sentence, in plain error, based on facts that were not submitted to the jury, allegedly, in violation of his Sixth Amendment rights and the requirements set forth in Blakely and Booker.  The Supreme Court in Blakely v. Washington, 542 U.S. 296 (2004), held that sentencing enhancements, based on a judges finding of "deliberate cruelty," was a violation of the defendant's sixth amendment right to a trial by jury.  In Booker, the Supreme Court questioned the constitutionality of the federal sentencing guidelines, applying Blakely's reasoning, and concluded that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond reasonable doubt." 543 U.S. at 244.  Booker noted that its holding is to be applied to all cases on direct review. Id. at 268.

**2.**

Petitioner has waived the right to raise the Booker issue.  The Supreme Court issued Booker on January 12, 2005.  The Rule 11 agreement was entered on February 16, 2006 and Petitioner was sentenced on July 12, 2006, well after the Booker decision.  The Court and the parties were well aware that after Booker, the sentencing guidelines were advisory.  Petitioner also acknowledged the application of the sentencing guidelines relative to his appeal rights.  The Rule 11 agreement specifically provides that

> If the court imposes a sentence that does not exceed the top of the range described in ¶ 2 of this agreement, Defendant waives any right he may to appeal his conviction or sentence...

Paragraph 2 of the Rule 11 agreement states in relevant part:

> Defendant understands that, under the Sentencing Reform Act, the court will make factual and legal findings about Defendant's conduct and criminal history. Defendant understands that these findings will be made based upon information provided by the parties and the United States Probation Department who prepares the presentence investigation report, the stipulations contained within this agreement, and any other reliable evidence, including hearsay. The court will make these findings applying a preponderance of the evidence standard of proof.
> ...
> Defendant understands that the Sentencing Guidelines findings by the court will be sued to calculate a sentence range under the Sentencing Guidelines. Defendant understands that he court is not bound by the agreement of the parties as to the correct Sentencing Guideline range. Defendant further understands that in determining the sentence, the court is required to consider the applicable Sentencing Guideline range, but is not required to adhere to that range. Defendant understand that, under the Sentencing Reform Act, the court is required to consider all of the factors enumerated under 18 U.S.C. § 3553(a), in addition to the Sentencing Guidelines range, in determining an appropriate sentence.
> ...
> ...Defendant further agrees that if his criminal history category is determined to be higher than that reflected in the attached worksheets, then a term of imprisonment within the Sentencing Guidelines range corresponding to his stipulated adjusted offense level and higher criminal history category... will be a reasonable and appropriate disposition of the case, and Defendant will not seek, recommend or advocated for a sentenced outside of that higher sentence range.

Rule 11 agreement, at ¶ 2 A. and B.

As stated above, the Probation Department calculated Petitioner's guidelines range higher than the parties. The Court applied the 18 U.S.C. § 3553(a) factors in fashioning Petitioner's sentence which was at the low end of the guidelines range as calculated by the Probation Department. Under the plain terms of the Rule 11 agreement, Petitioner waived the right to appeal his sentence in the circumstances. Indeed, Petitioner did not file a direct appeal.

A § 2255 motion, regardless of the grounds asserted, does not serve as a substitute for bringing a direct appeal. See Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). Thus, the failure by a defendant to object to his sentence at the time of the sentencing hearing or to raise the issue on appeal generally results in abandonment of the right to assert the issue in a section 2255 motion. See United States v. Walsh, 733 F.2d 31, 35 (6th Cir. 1984). Before a federal prisoner may obtain collateral review of sentencing issues not previously raised on direct appeal, he must first show cause to excuse his failure to do so and actual prejudice resulting from the alleged violations. United States v. Frady, 456 U.S. 152, 167-696 (1982); Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003). To show cause, a petitioner must point to "some objective factor external to the defense" that prohibited him from raising the sentencing errors on direct appeal. See Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate an error that worked to his actual and substantial disadvantage. Frady, 456 U.S. at 170. Upon review of the record, I conclude that movant cannot show either cause or prejudice.

Petitioner's first obligation is to show good cause sufficient to excuse his failure to raise sentencing issues on direct appeal. Petitioner has not and cannot meet this burden, because as explained above his failure to appeal was the consequence of his knowing and voluntary waiver of that right in the plea agreement. There is no evidence that the plea was not knowing or involuntary and Petitioner does not so contend. Where a petitioner's failure to appeal is based upon his knowing and voluntary abandonment of the right to appeal, he cannot possibly show cause. A knowing and voluntary waiver of his right to appeal normally is valid and will preclude review of an issue on appeal. See

United States v. Fleming, 239 F.3d 761, 764-65 (6th Cir. 2001); United States v. Bazzi, 94 F.3d 1025, 1028 (6th Cir. 1996); see also United States v. Hicks, 134 F. App'x 902, 903-04 (6th Cir. 2005).

Moreover, Petitioner cannot show prejudice arising from the alleged sentencing errors, as his challenge to the guideline calculation is without merit. As explained in the government's response, the Probation Department Criminal History calculation was based on information obtained during its investigation which resulted in a higher criminal history category. Petitioner did not object to the Probation Department's calculation. Considering the above factual record, Petitioner is not entitled to relief under § 2255 regarding his sentence.

## B. Interstate Nexus

Petitioner says that his sentence should be vacated on the ground of insufficient evidence to prove interstate nexus, an essential element of 18 U.S.C. § 922(g). This argument lacks merit. Petitioner stipulated in the Rule 11 agreement that the firearm at issue "was manufactured outside of the State of Michigan." Rule 11 Agreement at ¶ 1 C. Given the stipulation as to the interstate nexus, there is no basis for vacating his sentence on this ground.

SO ORDERED.

Dated: June 7, 2007                s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Aaron D. Moss, #39867-039, United States Penitentiary, P.O. Box 2000, Bruceton Mills, WV 26525 on this date, June 7, 2007, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                   Case Manager, (313) 234-5160

6